DECISION
This is a civil action in which the plaintiff, Narragansett Bay Water Quality Management District Commission (hereinafter "NBC") asks the Court to remand its petition, which had been summarily dismissed, to the defendant, Rhode Island State Labor Relations Board (hereinafter "the Board"), on the ground that the Board had not held a public hearing pursuant to G.L. 1956
(1986 Reenactment) § 28-7-16. It also asks the Court to order an election by its employees to select a single collective bargaining representative. NBC alleges that there is a question or controversy concerning who was the exclusive collective bargaining representative of its employees, and so, the Board was required to hold a public hearing. Finally, NBC argues that the Board's decision violates standard labor law principles by allowing multiple bargaining units for similarly situated employees.
The Board, as well as Local 1033, Affiliate of Laborers' International Union of North America (hereinafter "Local 1033") and Rhode Island Council 94, A.F.S.C.M.E. (hereinafter "Council 94") move to confirm the dismissal. They argue that §46-25.1-1(e), as enacted by P.L. 1991, Ch. 309, § 2,
prohibits the merger of the NBC and Blackstone Valley Sewer District Commission (hereinafter "Blackstone") from altering any existing bargaining units. Because the Board was precluded from making any changes to pre-existing agreements with collective bargaining representatives, the defendants contend that there was no question or controversy for the Board to decide, and so, the Board was not bound to hold a public hearing. In addition, the defendants allege that the Unions had collective bargaining agreements in effect at the time of the merger. Therefore, in accordance with § 28-7-9, the Board was barred from considering NBC's petition.
NBC has had Local 1033 as its exclusive bargaining representative for certain employees at its Fields Point facility since February 1984. At the time of the merger between NBC and Blackstone, Blackstone had an exclusive collective bargaining agreement with Council 94 for certain employees at its Bucklin Point facility. NBC's employees represented by Local 1033, and Blackstone's employees represented by Council 94 were similarly situated in that they performed similar functions in the merged employer.
On January 1, 1992, Blackstone and NBC merged. According to §42-25.1-1(e), "all persons employed by the Blackstone Valley district commission on the date of the merger shall be deemed employees of the Narragansett Bay Water Quality Management District Commission". NBC was then faced with a separate bargaining representative for each of the two facilities. It alleges that each union claimed to be the exclusive collective bargaining representative of the merged NBC.
The plaintiff filed a "Petition by Employer for Investigation and Certification of Representatives pursuant to Section 28-7-16, G.L, 1956, Entitled State Labor Relations Act" with the Board. In its petition, NBC claimed that there was a question or controversy regarding bargaining unit representation. The Board dismissed plaintiff's petition on October 27, 1993, stating that there was no question or controversy regarding representation of NBC's employees. It cited § 46-25.1-1(e), which states, in part: "The merger as provided for herein shall not impair the obligation of any contract or agreement or alter existingbargaining units." (Emphasis supplied.)
The Plaintiff claims an appeal, pursuant to § 42-35-15.
It is the decision of this court that § 46-25.1-1(e)
prohibited the Board from considering plaintiff's petition. The statute clearly prevents bargaining units from being dissolved in the Blackstone-NBC merger. Because the Board was appropriately adhering to its statutory limitations, and because the Board was unable to alter existing bargaining powers, there existed no question or controversy. A public hearing was not required.
The Court recognizes that the Board may have allowed multiple bargaining units to remain at NBC, which may contradict a general standard of labor practice of having one exclusive bargaining unit for employees of a single employer. The plaintiff cited numerous cases, from Federal Courts, in which employees working for different plants or divisions of one company have been considered a single bargaining unit. In those cases, the courts looked to evidence that different employee groups were similarly situated: similar type of work, wages and working conditions, and one central management unit. There may well be a trend in Federal labor law to consider a variety of factors in determining the number of bargaining units most appropriate for a particular situation. The Board, however, cannot adhere to trends or standards of Federal labor practice, if it means acting in direct opposition to clear statutory guidelines. In essence that is what NBC is asking of this Court. Since § 46-25.1-1 is clear and unambiguous in its prohibition of the altering of existing bargaining units in the merger of Blackstone and the NBC, it cannot be construed so as to permit the Board or this Court to act to the contrary.
The plaintiff further argues that under § 28-7-44 the State Labor Relations Act is controlling over any conflict arising out of § 46-25.1-1. Any such conflict has been resolved by enactment of § 28-7-19.1 in 1990, which requires that collective bargaining agreements will survive business combination transactions.
Section 28-7-9(b)(2) also bars the Board from considering plaintiff's petition because it was brought while collective bargaining agreements were in effect. The statute states:
 "The Board shall not consider a petition for representation whenever it appears that a collective bargaining agreement is in existence, provided that the board may consider such petition within a thirty (30) day period immediately preceding sixty (60) days prior to the expiration date of such collective bargaining agreements."
In accordance with this provision, plaintiff's petition should have been filed in April, 1992, as the collective bargaining agreements were scheduled to expire on June 30, 1992. The petition was filed in July of 1993, after the plaintiff had renewed some of these agreements. The petition was, therefore, filed too late, barring its consideration by the Board as a matter of law.
The Board was clearly justified in dismissing plaintiff's petition. Not only is the Board prohibited from altering existing bargaining units in any way by § 46-25.1.-1(e), but it is prohibited from considering an untimely petition under §28-7-9(b)(2). If this Court were to remand this case to the Board, the Board would have but one course of action available: the course of action it originally chose. This Court can sympathize with the Plaintiff's predicament of having to deal with two unions for its employees, but the resolution of that issue is a matter of bargaining or legislation, but not adjudication.
Accordingly, the plaintiff's complaint is denied and dismissed with costs to the defendants.
The defendants will present a form of judgment for entry on a 48-hour notice to the plaintiff.